UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOPIA TECHNOLOGY, INC., <br><br> Plaintiff, <br><br> v. <br><br> BOX, INC., <br><br> Defendant. | Case No. 23-cv-00063-JSC <br><br> **ORDER RE: MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION** <br><br> Re: Dkt. No. 196 |

Topia Technology, Inc. sues Box, Inc. for patent infringement of U.S. Patent No. 10,289,607 ("the '607 patent"), U.S. Patent No. 10,642,787 ("the '787 patent"), U.S. Patent No. 10,754,823 ("the '823 patent"), and U.S. Patent No. 11,003,622 ("the '622 patent"). (Dkt. No. 48.)[1] Topia's complaint also asserted infringement as to U.S. Patent No. 9,143,561 ("the '561 patent") and U.S. Patent No. 10,067,942 ("the '942 patent"), but those claims have since been invalidated. (*Id.*; Dkt. No. 138 at 2.) In October 2025, the Court issued its claim construction order. (Dkt. No. 193.) Before the Court is Topia's request for leave to file a motion for reconsideration of the Court's claim construction order as to Term 2 on the grounds the Court did not consider material facts contained in the '561 and '942 patents' prosecution histories and Topia's dispositive legal arguments. (Dkt. No. 196.) The Court **GRANTS** Topia's motion for leave to file a motion for reconsideration.

## LEGAL STANDARD

Under the local rules, a party may seek leave to move for reconsideration of an interlocutory order any time before the entry of final judgment. Civ. L.R. 7-9(a). Leave is

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

appropriate when the moving party shows reasonable diligence in bringing the motion and "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Civ. L.R. 7-9(b).

## DISCUSSION

Topia has shown reasonable diligence in filing its motion. Shortly after the Court issued its claim construction order, the Court filed a Notice Order regarding the U.S. government shutdown and non-urgent motions. The parties agreed this motion need not be urgently resolved, and Box agreed not to argue Topia delayed by waiting until the judiciary's funding resumed to file the motion. And the motion was filed promptly after the Court lifted its notice.

Next, Topia contends the Court failed to consider material facts within the '561 and '942 file histories and dispositive legal arguments. During the IPR proceedings for the '561 patent, Box argued Topia "does not attempt to argue any disclaimer, disavowal, or lexicography that would exclude 'automatic' transfers that occur in response to communications between devices." (Dkt. No. 177-17 at 15.) Box made the same statement regarding the '942 patent. (Dkt. No. 142-3 at 26-27 (final written decision by Patent Trial and Appeal Board referencing Box's same statement as to the '942 patent).) While these statements were contained in the prosecution history provided to the Court, they were not presented to the Court by either party. Additionally, Topia points out Box argued for a different construction of Term 2 in the '561 and '942 IPR proceedings *after* any alleged disclaimer arising from Topia's statements in the four IPRs at issue ('607, '622, '787, and '823) would have become binding on subsequent proceedings before the PTO. (Dkt. No. 133; Dkt. No. 177-17.) The Court acknowledges it did not consider these facts; so, leave to file a motion for reconsideration is appropriate.

**CONCLUSION**

Accordingly, Topia's motion for leave to file a motion for reconsideration is **GRANTED**. In light of the upcoming holidays, on or before November 24, 2025, the parties shall meet and confer and submit a stipulation for the filing of Box's opposition brief and Topia's reply brief this year. After reviewing the submissions, the Court will advise the parties if oral argument is required.

**IT IS SO ORDERED.**

Dated: November 19, 2025

JACQUELINE SCOTT CORLEY
United States District Judge