UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOPIA TECHNOLOGY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>BOX, INC., et al.,<br><br>Defendants. | Case No.  23-cv-00063-JSC<br><br>**ORDER RE: TOPIA'S MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS**<br><br>Re: Dkt. Nos. 197, 198 |

Topia Technology, Inc. ("Topia") sues Box, Inc. ("Box") for infringement of U.S. Patent No. 10,289,607 ("the '607 patent"); U.S. Patent No. 10,642,787 ("the '787 patent"); U.S. Patent No. 10,754,823 ("the '823 patent"); and U.S. Patent No. 11,003,622 ("the '622 patent").  (Dkt. No. 48.)[1]  Topia's complaint also asserted infringement of U.S. Patent No. 9,143,561 ("the '561 patent") and U.S. Patent No. 10,067,942 ("the '942 patent"), but those claims have since been invalidated.  (*Id.*; Dkt. No. 138 at 2.)  Now pending before the Court is Topia's motion for leave to amend its infringement contentions for a fourth time.  (Dkt. No. 197.)  Having carefully considered the parties' submissions, and with the benefit of oral argument on January 7, 2026, the Court GRANTS Topia's motion for leave to amend its infringement contentions.  As to amendments related to Box's client-side source code, Topia did not diligently discover the bases for its proposed amendments or seek amendment following discovery.  However, Topia has shown diligence in amendments related to discovery of Box's server-side source code and the Court's claim construction order.  Ultimately, given this case's complicated procedural history, and because Box has not shown any prejudice, the Court grants Topia's motion for leave to amend its

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the document.

infringement contentions in their entirety.

## BACKGROUND

### I.    OVERVIEW OF THE ASSERTED PATENTS

The '607 and '622 patents are both titled "Architecture for Management of Digital Files Across Distributed Network," (Dkt. Nos. 49-3 ('607 patent); 49-6 ('622 patent)); the '787 patent is titled "Pre-File-Transfer Update Based on Prioritized Metadata," (Dkt. No. 49-4); and the '823 patent is titled "Pre-File Transfer Availability Indication Based on Prioritized Metadata," (Dkt. No. 49-5).  All four asserted patents "relate[] generally to computer-implemented processes and, more specifically, to sharing of electronic files among computer systems."  (Dkt. Nos. 49-3; 49-4; 49-5; 49-6 ("Field of the Invention").)

The patents aim to enable file management and synchronization across multiple devices without requiring users to manually move files between devices.  The '607 and '622 patents' abstracts describe the automatic transfer of files from one device to another responsive to a user modifying the file.  *See* '607 patent, (57); '622 patent, (57).  In addition to the automatic file transfer, the '787 and '823 patents' abstracts further elaborate on a method for notifying the user of an updated file version based on transfer of the file's metadata prior to transfer of the document itself.  *See* '787 patent, (57); '823 patent, (57) (substantially the same content).  All asserted patents are in the same family and share an identical specification.

### II.    PROCEDURAL HISTORY

In December 2021, Topia sued Box in the Western District of Texas.  (Dkt. No. 1.) Discovery began in early 2022.  (Dkt. No. 207 at 7.)  Topia served its first infringement contentions in April 2022.  (*Id.* at 7-8 (citing Dkt. No. 207-3).)  On July 14, 2022, Box produced source code for the Drive and Sync products.  (Dkt. No. 207-4 at 2.)  According to Topia, this production only included the "client-side" and not the "server-side" Drive and Sync source code, (Dkt. No. 197 at 10); according to Box, the production included all Drive and Sync source code, but Box also has "server-side code [] not specific to Sync or Drive," (Dkt. No. 207 at 7.)[2]  Topia

---

[2] Topia defines "client-side" code as code "deployed on user devices, *e.g.*, Box Drive or Box Sync applications that are downloaded and run on user devices such as mobile devices or computers."

2

United States District Court
Northern District of California

reviewed the produced source code on September 16, 2022. (Dkt. No. 207-5.)

The Western District of Texas court subsequently granted Box's motion to transfer and, on January 6, 2023, transferred the case to this Court. (Dkt. Nos. 44; 76.) The Court held its initial case management conference on March 9, 2023. (Dkt. No. 108.) Topia asked to proceed immediately to claim construction based on prior briefing, but the Court instead directed Topia to amend its infringement contentions to comply with this District's local rules before renewed claim construction briefing. (Dkt. Nos. 106; 108; 109; 115.) Topia served its second infringement contentions on April 13, 2023. (Dkt. No. 207-7.) And on May 8, 2023, Topia served its first "post-transfer discovery" requests including for "source code" for each of "Box's Accused Products" and technical or other documentation necessary to understand it. (Dkt. No. 197 at 8-9.)

However, because Box had filed *inter partes review* ("IPR") petitions against all asserted patents, on May 12, 2023, the Court granted Box's motion to stay the case. (Dkt. Nos. 113; 131.) The Patent Trial and Appeal Board ("PTAB") subsequently denied institution on the '607, '787, '823, and '622 patents and instituted IPR on the '561 and '942 patents. (Dkt. No. 133 at 2.) The PTAB invalidated the challenged claims of the '561 and '942 patents; Topia is pursuing appeals of both decisions. (Dkt. No. 138 at 2.) But following the PTAB's decisions, on December 4, 2024, the Court lifted the stay, allowed the district court case to proceed as to the four patents on which IPR had not been instituted, and directed the parties to propose a case schedule. (Dkt. No. 149.)

Following a January 9, 2025 case management conference, the Court allowed Topia to again amend its infringement contentions. (Dkt. Nos. 156; 158; 159.) So, Topia served its third infringement contentions on January 27, 2025. (Dkt. No. 207 at 15; Dkt. No. 211-1 at 12.) Box served its Invalidity Contentions and related technical documents on March 11, 2025, and produced 53,319 pages of documents, including technical documents, on March 13, 2025. (Dkt. No. 207 at 16; Dkt. No. 211-1 at 8, 12.) Topia claims the Invalidity Contentions and technical

---

(Dkt. No. 197 at 10 n.2.) In contrast, "[s]erver-side code is utilized on Box-controlled servers that handle[] data processing, authentication, and communication between different user devices where Box Drive and/or Box Sync is deployed." (*Id.*) Without evaluating the scope of Box's production, the Court adopts Topia's language to distinguish "client-side" source code first produced in 2022 from the "server-side" source code first produced in 2025.

United States District Court
Northern District of California

3

documents allowed Topia to "determine[] that additional technical documents" and review of Box's source code were necessary. (Dkt. No. 211-1 at 8.) Topia reviewed Box's source code again on April 3 and 4, 2025. (Dkt. No. 207 at 16; Dkt. No. 211-1 at 12.) On April 8, 2025, Topia asked Box to produce additional technical documents and server-side code. (Dkt. Nos. 209-2; 209-10; 209-11.) Topia reviewed the client-side source code again in late April, before requesting printouts on May 16, 2025, which Box provided on May 29, 2025. (Dkt. No. 207 at 16; Dkt. No. 211-1 at 13.) On May 8, 2025, Box produced 5,527 additional pages of documents. (Dkt. No. 207 at 16.)

As to the server-side source code, on May 1, 2025, Box notified Topia it was available for its review. (*Id.*) Topia reviewed the server-side code between May 27 and May 29, 2025, and then, on June 13, 2025, requested printouts, which Box provided on July 7, 2025. (*Id.*; Dkt. No. 211-1 at 13.) On July 17 and 31, 2025, Box produced documentation for the server-side code. (Dkt. No. 197 at 9, 11; Dkt. No. 211-1 at 14.)[3]

Topia states it "put[] Box on notice that it intend[ed] to amend its infringement contentions" on August 25, 2025. (Dkt. No. 211-1 at 14.) On September 2, 2025, Topia served amended infringement contentions on Box "citing to source code and Box's technical documentation." (*Id.*; *see also* Dkt. No. 198-8 ('607 patent); Dkt. No. 198-9 ('787 patent); Dkt. No. 198-10 ('823 patent); Dkt. No. 198-11 ('622 patent).) Topia does not dispute Box's assertion "[t]he vast majority—nearly 90%—of the cited code is Sync and Drive code that Box produced in 2022," i.e., the client-side code. (Dkt. No. 207 at 7.) Then, on October 31, 2025, Topia served Box with supplemental amended infringement contentions addressing the Court's claim construction order. (Dkt. No. 211-1 at 15; *see also* Dkt. No. 198-12 ('607 patent); Dkt. No. 198-13 ('787 patent); Dkt. No. 198-14 ('823 patent); Dkt. No. 198-15 ('622 patent).) Given the Court's notice directing filing of only urgent motions in light of the government shutdown

---

[3] Additionally, in the District of Delaware, Topia sued Egnyte, Inc. for infringement of the same patents at issue in this case. *See Topia Tech., Inc. v. Egnyte, Inc.*, No. 21-CV-01821-CJB (D. Del. filed Dec. 27, 2021). On July 11, 2025, the Delaware court granted Egnyte's motion for summary judgment of non-infringement. (Dkt. No. 178-2.) As part of its ruling, the Delaware court construed "responsive to the user modifying a content." (*Id.* at 11-17; Dkt. No. 174-5 at 2.) Topia has filed a motion for reargument on this construction, which remains pending. (Dkt. No. 182-1.)

between October 20, 2025 and November 13, 2025, Topia did not move for leave to amend its infringement contentions until November 14, 2025.  (Dkt. No. 211-1 at 15; Dkt. No. 197.)

### A.    Claim Construction Order

After lifting the stay, the Court issued a scheduling order for claim construction briefing and argument.  (Dkt. No. 159.)  On April 15, 2025, Box proposed construing "responsive to the user modifying a content" as "responsive to the user modifying a content, as opposed to being performed on a periodic or other timing basis," and "automatically transferring" as "pushing without any request from a client."  (Dkt. No. 207-19 at 3 (cleaned up).)  Topia proposed "responsive to the user modifying a content" required no construction but assumed "the plain and ordinary meaning of 'modifying a content of the first file stored on the first client device' is saving the file to persistent storage on the first client device."  (Dkt. No. 207-20 at 3.)  Topia also proposed "automatically transferring" required no further construction and "should be given its plain ordinary meaning, e.g., . . . the server system or the first computer system [not the second client device] initiates the transfer."  (*Id.* at 5.)  The parties disputed two other terms.

Following a September 12, 2025 *Markman* hearing, this Court issued its claim construction order on October 7, 2025.  (Dkt. No. 193.)  As to "responsive to the user modifying a content," the Court rejected Topia's construction and held:

> [T]he Court construes "responsive to the user modifying a content" as meaning "the user modifying a content, not a timing based or periodic trigger, initiates the synchronization process." Further, the Court construes "modifying a content" to mean "editing content of the file, which does not involve saving the file.

(*Id.* at 19.)  The Court also rejected Topia's construction of "automatically transferring" and "adopt[ed] Box's proposed construction of 'automatically transfer' and 'automatically transferring' to mean 'push without any request from the client' and 'pushing without any request from the client.'"  (*Id.* at 25.)[4]  And the Court rejected Box's argument the remaining two terms were indefinite and adopted Topia's constructions.  (*Id.* at 25-26, 31, 35.)

\\

---

[4] Topia has moved for reconsideration of the Court's claim construction order as to this term. (Dkt. No. 206.)

**DISCUSSION**

The Northern District of California's Patent Local Rules "exist to further the goal of full and timely discovery and to provide all parties with adequate notice and information with which to litigate their cases." *Fresenius Med. Care Holdings, Inc. v. Baxter Int'l Inc.*, No. C 03-1431 SBA, 2006 WL 1329997, at *4 (N.D. Cal. May 15, 2006). "The rules are designed to require parties to crystallize their theories of the case early in litigation and to adhere to those theories once they have been disclosed." *Nova Measuring Instruments Ltd. v. Nanometrics, Inc.*, 417 F. Supp. 2d 1121, 1123 (N.D. Cal. 2006). Thus, the Rules "requir[e] both the plaintiff and the defendant . . . to provide early notice of their infringement and invalidity contentions, and to proceed with diligence in amending those contentions when new information comes to light in the course of discovery." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365-66 (Fed. Cir. 2006).

Patent Local Rule 3-6 allows a party to amend its invalidity contentions "only by order of the Court upon a timely showing of good cause." *See* N.D. Cal. Patent L.R. 3-6. The Rule provides the following "[n]on-exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause":

> (a) A claim construction by the Court different from that proposed by the party seeking amendment;
> (b) Recent discovery of material, prior art despite earlier diligent search; and
> (c) Recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions.

N.D. Cal. Patent L.R. 3-6. The good cause inquiry is two-fold, addressing: (1) "whether the moving party was diligent in amending its contentions"; and (2) "whether the non-moving party would suffer prejudice if the motion to amend were granted." *Fujifilm Corp. v. Motorola Mobility LLC*, No. 12-CV-03587-WHO, 2014 WL 491745, at *3 (N.D. Cal. Feb. 5, 2014) (quotation marks and citation omitted).

## I.    TOPIA'S DILIGENCE

Topia seeks to amend its infringement contentions (1) pursuant to Patent Local Rule 3-6(c), to "address nonpublic information about the accused instrumentalities that Topia recently obtained through its diligent discovery efforts," and (2) pursuant to Patent Local Rule 3-6(a),

"address the Court's recent Claim Construction order."  (Dkt. No. 197 at 7.)

### A.    Recent Discovery of Nonpublic Information

For amendments pursuant to Patent Local Rule 3-6(c), "[t]he diligence required for a showing of good cause has two phases: (1) diligence in discovering the basis for amendment; and (2) diligence in seeking amendment once the basis for amendment has been discovered." *Monolithic Power Sys., Inc. v. Silergy Corp.*, No. 14-CV-01745-VC (KAW), 2015 WL 5440674, at *2 (N.D. Cal. Sept. 15, 2015) (cleaned up).  "The party seeking to amend its contentions bears the burden of establishing diligence."  *CBS Interactive, Inc. v. Etilize, Inc.*, 257 F.R.D. 195, 201 (N.D. Cal. 2009) (citing *O2 Micro Int'l Ltd.*, 467 F.3d at 1366-67).

As to the first step, the "critical issue" in determining whether a moving party "was diligent in discovering the bases for its proposed amendments is whether [the party] could have discovered the new information earlier had it acted with the requisite diligence."  *Facebook, Inc. v. BlackBerry Ltd.*, No. 18-CV-05434-JSW (JSC), 2020 WL 864934, at *4 (N.D. Cal. Feb. 13, 2020) (cleaned up).  As to the second step, courts consider "how quickly the party moves to amend its contentions once a new theory of infringement comes to light."  *Synopsys, Inc. v. ATopTech, Inc.*, No. 13-CV-02965-MMC (DMR), 2016 WL 4945489, at *3 (N.D. Cal. Sep. 16, 2016); *see also O2 Micro Int'l Ltd.*, 467 F.3d at 1366 ("If the parties were not required to amend their contentions promptly after discovering new information, the contentions requirement would be virtually meaningless as a mechanism for shaping the conduct of discovery and trial preparation.").

Courts in this district generally consider a moving party's delay of more than two-to-three months not diligent.  *See Impinj, Inc. v. NXP USA, Inc.*, No. 19-CV-03161-YGR, 2022 WL 20508659, at *2 (N.D. Cal. Oct. 27, 2022) (finding no diligence when a party "delayed at least four months in filing this motion, which is comfortably beyond the two-to-three month timeframe which courts in this district have deemed to demonstrate a lack of diligence"); *see also O2 Micro Int'l Ltd.*, 467 F.3d at 1367-68 (finding party which waited nearly three months to serve amended contentions and two more weeks to formally move was not diligent); *MPH Techs. OY v. Apple, Inc.*, No. 18-CV-05935-TLT, 2024 WL 4603054, at *3 (N.D. Cal. July 29, 2024) (finding four months too long to show diligence); *Acer, Inc. v. Tech. Props. Ltd.*, Nos. 5:08-CV-00877 JF/HRL,

5:08-CV-00882 JF/HRL, 5:08-CV-05398 JF/HRL, 2010 WL 3618687, at *4 (N.D. Cal. Sept. 10, 2010) (finding three-month delay following dissolution of stay not diligent). However, some courts in this District have held an opposing party's "mere notice" of amended infringement contentions, "short of an actual motion, can be sufficient for [measuring] diligence." *Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*, No. 14-CV-00876-RS (JSC), 2016 WL 2855260, at *7 (N.D. Cal. May 13, 2016) (citing cases). Ultimately, "[d]iligence is a fact intensive inquiry, and courts do not apply a mechanical rule in assessing a party's diligence but instead consider the factual circumstances in total." *Word to Info Inc. v. Facebook Inc.*, No. 15-CV-03485-WHO, 2016 WL 6276956, at *6 (N.D. Cal. Oct. 27, 2016).

Topia first argues it could not amend its infringement contentions until it received "access to, and [could] review [], the source code underlying the accused products, along with the supporting technical literature, to fully understand and analyze the features and operations of those products." (Dkt. No. 197 at 13.) But the parties dispute whether Topia acted with diligence in discovering and amending its infringement contentions related to (1) the client-side Box and Sync source code and (2) the server-side source code.

### 1.   Client-Side Box and Sync Source Code Amendments

As to amendments based on client-side source code, Topia has not demonstrated its diligence in discovering the basis for amendment or in seeking amendment once discovering such a basis. As to Topia's diligence in discovering the basis for amendment, Topia delayed at least from March 9, 2023 until May 8, 2023, and then December 5, 2025 to April 3, 2025—a total of nearly six months—before reviewing the source code with sufficient care to identify code and request additional documentation.

Box contends Topia's obligation to proceed with diligence in discovering the basis for amendment began on July 14, 2022, when Box first produced the client-side source code. But it would be "inequitable for the Court to strictly apply" the Northern District of California's Patent Local Rules to Topia's conduct before the Western District of Texas transferred the case to this District. *See Clark v. Sprint Spectrum L.P.*, No. CV 10-9702 CAS (SSx), 2011 WL 835487, at *2 (C.D. Cal. Mar. 7, 2011) ("It would be inequitable for the Court to strictly apply [a local rule] to

cases transferred to this district from other districts that do not have a comparable local rule."). Instead, Topia's obligation to proceed with diligence began on March 9, 2023, when the Court held its initial post-transfer case management conference. At this point, because Topia had reviewed the client-side source code on September 14, 2022, Topia could have raised any concerns it had about Box's failure to produce documentation necessary to understand the client-side source code. Instead, Topia amended its infringement contentions and waited nearly two months, until May 8, 2023, to serve discovery requests for technical documentation.

However, four days later, the Court stayed the case, thus pausing Topia's obligation to proceed with diligence in discovery until the Court lifted the stay on December 5, 2024. Again, rather than assert its need for additional discovery, Topia proceeded to amend its infringement contentions. And although Box's client-side source code was available for review, Topia did not review it until April 3, 2025.

So, combining time before and after the stay, Topia had nearly six months in which it could have reviewed the source code and requested documents necessary to begin amending its infringement contentions. Courts in this district generally consider a six-month delay too long to show diligence. *See Impinj, Inc.*, 2022 WL 20508659, at *2 (finding no diligence when party "delayed at least four months in filing this motion, which is comfortably beyond the two-to-three month timeframe which courts in this district have deemed to demonstrate a lack of diligence").

Topia contends it could not decipher the client-side source code without "technical explanatory documents, architecture diagrams (produced March 2025) [or] detailed client-side documentation (produced May 2025)" responsive to its May 8, 2023 discovery requests. (Dkt. No. 211-1 at 7-8.) But Topia does not explain why—if it could not, without further documentation, decipher the source code upon review in September 2022—it waited until May 2023 to request such discovery, and did not raise any issue about it after the stay was lifted. The Court is not persuaded by Topia's reliance on Patent Local Rule 3-4(a), which requires the party opposing a patent infringement claim to produce "[s]ource code, specifications, schematics, flow charts . . . or other documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified" in the Infringement Contentions. *See* N.D. Cal. Patent L.R. 3-

9

4(a). Instead, to the extent Topia considered Box's existing production insufficient, Topia had an obligation to diligently request discovery.

As to seeking amendment upon discovery, Topia also has not shown its diligence. Even assuming Topia obtained discovery forming the basis for amendment on May 8, 2025, Topia informed Box it planned to file amended infringement contentions on August 25, 2025 (more than three months later), served those contentions on September 2, 2025 (nearly four months later), and filed the instant motion on November 14, 2025 (more than five months later). So, even if Topia's August 25, 2025 notice is the relevant date, *see Karl Storz Endoscopy-Am., Inc.*, 2016 WL 2855260, at *7, Topia's more than three-month delay demonstrates its lack of diligence in seeking amendment, *see Impinj, Inc.*, 2022 WL 20508659, at *2; *see also O2 Micro Int'l Ltd.*, 467 F.3d at 1367-68.

So, as to the client-side Sync and Drive source code and related technical documentation, Topia has not shown its "diligent efforts" to discover the basis for amending its contentions or to amend those contentions once discovered. However, Topia's diligence is a close call in light of the complicated procedural history of this case, including a transfer to a district with different local rules, a long stay pending IPR proceedings, and changing schedules for amending infringement contentions, claim construction, and discovery. *See Word to Info Inc.*, 2016 WL 6276956, at *6 ("Diligence is a fact intensive inquiry, and courts do not apply a mechanical rule in assessing a party's diligence but instead consider the factual circumstances in total.").

### 2. Server-Side Source Code Amendments

Once Topia recognized Box had not produced the server-side source code with the client-side source code, Topia diligently sought the server-side code and the accompanying technical documentation, and then diligently amended their contentions. After reviewing the client-side source code on April 3 and 4, 2025, Topia on April 8, 2025 emailed Box about the server-side code. Box produced the server-side code on May 1, 2025, and Topia reviewed it between May 27 and 29, 2025. Topia then requested printouts of the server-side code on June 13, 2025, which Box provided on July 7, 2025. Box produced technical documentation for the server-side code on July 17 and July 31, 2025. Topia notified Box it planned to file amended infringement contentions on

10

August 25, 2025 and served those contentions on September 2, 2025. As to its diligence in discovering the basis for amendment, Topia waited only a few weeks between Box's production and its review of the server-side source code, as well as between its review and its request for printouts. And Topia's month-long delay between obtaining technical documentation and notifying Box and serving its amended infringement contentions falls within the timeline courts consider sufficient to demonstrate diligence. *See Impinj, Inc.*, 2022 WL 20508659, at \*2.

Box contends Topia has not shown diligence in discovering the basis for amendment because it could have sought the server-side code as soon as its September 14, 2022 review of the client-side source code. However, Topia responds it could not understand the absence of the server-side code until Box's March 2025 production of technical documents. Ultimately, "[c]ourts typically grant leave to amend infringement contentions after a patentee has been given the opportunity to inspect relevant source code." *See Linex Techs., Inc. v. Hewlett-Packard Co.*, No. C 13-159 CW, 2013 WL 5955548, at \*2 (N.D. Cal. Nov. 6, 2013) (citation omitted); *see also Delphix Corp. v. Actifio, Inc.*, No. 13-CV-04613 BLF (HRL), 2015 WL 5693722, at \*2 (N.D. Cal. Sept. 29, 2015) ("[T]he expectation that a patentee would have a precise sense of its infringement theory at the outset is unrealistic where the patentee might not have been able to get access to the necessary information because it is hidden from view (for example, source code)." (cleaned up)). So, because Box did not produce the server-side code until May 2025, Topia has shown diligence in seeking discovery and amending its infringement contentions as to the server-side source code and accompanying documentation.

*\*\*\**

In sum, the Court finds sufficient diligence to the extent Topia's proposed amendments depend on server-side source code and its accompanying documentation. And although Topia has failed to show diligence as to its amendments related to the client-side source code and accompanying documentation, the Court recognizes diligence is a close call in light of the case's complicated procedural history.

\\

United States District Court
Northern District of California

**B.      The Court's Claim Construction Order**

Under Patent Local Rule 3-6(a), "[a] claim construction by the Court different from that proposed by the party seeking amendment" is a "circumstance[] that may, absent undue prejudice to the non-moving party, support a finding of good cause." N.D. Cal. Patent L.R. 3-6(a).  Because amendment "may be made only by order of the Court upon a timely showing of good cause," N.D. Cal. Patent L.R. 3-6, courts still require a party seeking to amend its infringement contentions to demonstrate some measure of diligence.  *See Verinata Health, Inc. v. Sequenom, Inc.*, No. C 12-00865 SI, 2014 WL 789197, at *2 (N.D. Cal. Feb. 26, 2014) ("[T]he Court's differing claim construction in and of itself does not constitute good cause, . . . and the moving party must still establish its diligence." (quotation marks and citation omitted)); *see, e.g.*, *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, No. C 09-5235 MMC (EMJ), 2013 WL 4604206, at *4 (N.D. Cal. Aug. 28, 2013) (finding no diligence for party who provided notice "nearly two months after the Court's Claim Construction Order").

Topia seeks to amend its infringement contentions, including its doctrine of equivalents arguments, based on the Court's claim construction of "automatically transfer" / "automatically transferring" and "responsive to the user modifying a content."  (Dkt. No. 211-1 at 17.)  As to "automatically transfer" / "automatically transferring," Topia in claim construction proposed the term required "no further construction" and "should be given its plain and ordinary meaning, e.g., . . . the server system or the first computer system [not the second client device] initiates the transfer."  (Dkt. No. 193 at 19.)  The Court rejected Topia's proposed construction and instead adopted Box's proposed construction of the term to mean "push without any request from the client" / "pushing without any request from the client."  (*Id.* at 25.)

As to "responsive to the user modifying a content," Topia proposed the term "should be given its plain and ordinary meaning, e.g., referring to a condition of the user modifying a content of the first file stored on the first client device as an initial triggering event for a corresponding recited action," but the Court instead construed the term as meaning "the user modifying a content, not a timing based or periodic trigger, initiates the synchronization process."  (*Id.* at 6, 19.)  Even if the Court's construction of the term as a whole did not "ha[ve] any significant impact on the

construction of the term," *see Word to Info Inc.*, 2016 WL 6276956, at \*5, Topia also proposed "modifying a content" meant "saving the file to persistent storage on the first client device."  (*Id.* at 6.)  The Court rejected Topia's proposal when it construed "modifying a content" to mean "editing content of the file, which does not involve saving the file."  (*Id.* at 19.)  So, the Court's constructions of "automatically transfer" / "automatically transferring" and "responsive to the user modifying a content" are different from the constructions Topia proposed.  Therefore, absent undue prejudice to Box, the Court's claim constructions are good cause for Topia to amend its related infringement contentions.  *See* N.D. Cal. Patent L.R. 3-6(a).

Box contends Topia has not established good cause because Topia was not diligent in amending its infringement contentions in response to Box's proposed different claim constructions.  According to Box, Topia "needed to proceed with diligence" as of April 15, 2025, when it had notice of Box's proposed claim constructions, which the Court substantially adopted. (Dkt. No. 207 at 27.)  There is a "split of authority in this District on the interpretation of Patent Local Rule 3-6(a)." *Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*, No. 14-CV-00876-RS (JSC), 2016 WL 7386136, at \*4 (N.D. Cal. Dec. 21, 2016).  Some courts have held "the relevant time from which to measure diligence when . . . the court adopts the opposing party's construction is the date the moving party receives notice of that construction, as this is when diligent preparations could begin." *See Via Techs., Inc. v. ASUS Computer Int'l*, No. 14-CV-03586-BLF (HRL), 2017 WL 396172, at \*3 (N.D. Cal. Jan. 30, 2017) (citation omitted); *see also Word to Info Inc.*, 2016 WL 6276956, at \*4 ("[W]here the court adopts the opposing party's proposed claim construction, the moving party's diligence . . . is measured from the day the moving party received the proposed constructions." (quotation marks and citation omitted)), *aff'd without opinion*, 700 F. App'x 1007 (Fed. Cir. 2017).  Other courts have uniformly measured diligence upon the Court's claim construction order.  *See ChriMar Sys. Inc. v. Cisco Sys. Inc.*, No. 13-CV-01300-JSW (MEJ), 2015 WL 13449849, at \*4 (N.D. Cal. May 14, 2015) ("Rule 3-6(a) does not require a party to seek leave to amend prior to issuance of the final claim construction order." (citation omitted)); *see also GPNE Corp. v. Apple Inc.*, Nos. 5:12-CV-02885-LHK-PSG, 5:12-CV-03057-LHK-PSG, 2013 WL 6157930, at \*2 (N.D. Cal. Nov. 22, 2013) ("GPNE could not have anticipated the full scope

United States District Court
Northern District of California

of the amendments needed without the court's claims construction order before it.").

The Court disagrees with Box's interpretation of Patent Local Rule 3-6(a) and instead holds Topia's obligation to proceed diligently began upon the Court's claim construction order. Patent Local Rule 3-6(a) allows for amendments based on a different "claim construction *by the Court*" without mentioning an opposing party's proposed claim constructions. *See* N.D. Cal. Patent L.R. 3-6(a) (emphasis added). And unlike Patent Local Rule 3-6(c), Patent Local Rule 3-6(a) does not even specify a diligence requirement. *Compare* N.D. Cal. Patent L.R. 3-6(a) (noting "[a] claim construction by the Court different from that proposed by the party seeking amendment" may support a good cause finding), *with* N.D. Cal. Patent L.R. 3-6(c) (noting "[r]ecent discovery of nonpublic information about the Accused Instrumentality which was not discovered, *despite diligent efforts*, before the service of the Infringement Contentions" may support a good cause finding (emphasis added)). Furthermore, requiring Topia to have revised, served, and moved to amend its infringement contentions based on Box's proposed claim constructions, which the Court may have ultimately rejected and therefore rendered moot, is inefficient and antithetical to Federal Rule of Civil Procedure 1's goal of "just, speedy, and inexpensive determination of every action and proceeding." *See* Fed. R. Civ. P. 1.

So, the Court measures Topia's diligence from the Court's October 7, 2025 claim construction order. Topia served Box with amended infringement contentions 24 days later, on October 31, 2025, but because of the Court's notice directing filing of only urgent motions through November 13, 2025, when federal judicial funding resumed, Topia did not file its present motion until November 14, 2025. So, Topia acted diligently. *See ChriMar Systems Inc.*, 2015 WL 13449849, at *4, *6 (finding diligence by a party seeking leave to amend less than one month after claim construction order); *see also Radware Ltd. v. F5 Networks, Inc.*, No. C-13-2024 RMW, 2014 WL 3728482, at *2 (N.D. Cal. Jan. 1, 2014) (finding diligence for three-month delay); *Karl Storz Endoscopy-Am., Inc.*, 2016 WL 2855260, at *7 (noting opposing party's "mere notice, short of an actual motion, can be sufficient for [measuring] diligence").

So, absent undue prejudice to Box, Topia has shown good cause to amend its infringement contentions based on the Court's differing claim constructions.

## II.    PREJUDICE TO BOX

"The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Prejudice is typically found when amending contentions stand to disrupt the case schedule or other court orders." *Karl Storz Endoscopy-Am., Inc.*, 2016 WL 7386136, at *3 (citation omitted).

At oral argument, Box primarily argued even absent prejudice, the Court should deny Topia's motion because Topia has not demonstrated diligence. Box is correct if a moving party fails to demonstrate diligence, there is "no need to consider the question of prejudice." *O2 Micro Int'l Ltd.*, 467 F.3d at 1368. "However, the court retains discretion to grant leave to amend even in the absence of diligence so long as there is no prejudice to the opposing party." *Karl Storz Endoscopy-Am., Inc.*, 2016 WL 7386136, at *3 (citations omitted). "Courts have allowed amendments when the movant made an honest mistake, the request to amend did not appear to be motivated by gamesmanship, or where there was still ample time left in discovery." *Id.* (quotation marks and citation omitted). Here, Topia has at least shown diligence as to amendments related to the server-side source code and the Court's claim construction order. And while Topia has not shown diligence as to amendments related to the client-side source code, the Court recognizes the question of Topia's diligence is a close call in light of the case's complicated procedural history. So, the Court at least considers whether Box has shown any prejudice from Topia's proposed amended infringement contentions.

Box argues prejudice because it relied on Topia's January 2025 infringement contentions to develop its claim construction positions from April to July 2025. However, Box does not explain how it "would have taken a different approach during claim construction" in light of Topia's amended infringement contentions, including its amended doctrine of equivalents theory. *See Illumina Inc. v. BGI Genomics Co., Ltd.*, No. 20-CV-01465-WHO, 2021 WL 2400941, at *7 (N.D. Cal. June 11, 2021) ("BGI's vague statements about how it 'likely would have taken a different approach during claim construction' or 'may have pursued a different strategy with regard to the '025 patent' are unpersuasive." (citation omitted)). Box also does not explain why allowing Topia to amend its infringement contentions would require further claim construction.

15

*See Finjan, Inc. v. Symantec Corp.*, No. 14-CV-02998-HSG (JSC), 2017 WL 4025219, at *4 (N.D. Cal. Sept. 13, 2017) (finding "no prejudice" when the party opposing amendment "has not specified . . . why a further claims construction would be necessary").

Box does not cite any case in which a court considered a broad assertion of reliance on prior claim construction, without further explanation, sufficient to demonstrate prejudice. *See Advanced Micro Devices, Inc. v. LG Elecs., Inc.*, No. 14-CV-01012-SI, 2017 WL 2774339, at *5 (N.D. Cal. June 26, 2017) (finding prejudice when the defendant selected claim construction terms based on the plaintiff's original infringement contentions, which disavowed certain arguments); *Karl Storz Endoscopy-Am., Inc.*, 2016 WL 7386136, at *5 (finding "persuasive" the defendant's argument "it already relied on [the plaintiff's] allegedly deficient infringement contentions during the claim construction period" and might otherwise have selected different terms for construction); *Dynetix Design Sols. Inc. v. Synopsys Inc.*, No. CV 11-05973 PSG, 2012 WL 6019898, at *3 (N.D. Cal. Dec. 3, 2012) ("Because the proposed amendment would leave [the defendant] prejudiced by its previous claim term choices, . . . the prejudice here requires that the request by [the plaintiff] be denied."); *see also In re PersonalWeb Techs. LLC Patent Litig.*, No. 18-MD-02834-BLF (SVK), 2019 WL 11201545, at *7 (N.D. Cal. Aug. 7, 2019) (declining to address prejudice but noting "less than two weeks remain before the close of fact discovery" and the completion of a *Markman* hearing were "factors weigh[ing] against granting" leave to amend).

Furthermore, fact discovery is ongoing, and the Court has not entered a scheduling order beyond claim construction, so Topia's amendments do not "stand to disrupt the case schedule or other court orders." *Karl Storz Endoscopy-Am., Inc.*, 2016 WL 7386136, at *3 (citations omitted); *cf. DCD Programs, Ltd.*, 833 F.2d at 187 ("[D]elay alone is not sufficient to justify the denial of a motion requesting leave to amend."). Box also does not contend Topia's "request to amend" is "motivated by gamesmanship." *See Karl Storz Endoscopy-Am., Inc.*, 2014 WL 7386136, at *3 (quotation marks and citation omitted). In addition, Topia's amendments do not prejudice Box to the extent they seek to address deficiencies Box previously identified. *See Universal Connectivity Techs. Inc. v. HP Inc.*, No. 24-CV-04097-NW (SVK), 2025 WL 1533139, at *3 (N.D. Cal. May 29, 2025) ("The Court agrees that 'HP cannot be prejudiced by virtue of UCT's additional detail

16

United States District Court
Northern District of California

and evidence addressing the very deficiencies that HP identified in the first place.'" (citation omitted)).

So, Box has not shown the Court's granting Topia leave to filed amended infringement contentions would prejudice it. Because Topia has shown diligence at least for its amendments related to the server-side source code and the Court's claim construction order, and Topia's lack of diligence as to its amendments related to the client-side source code is a closer question in light of the case's complicated procedural history, the Court grants Topia leave to amend its infringement contentions in their entirety. *See Karl Storz Endoscopy-Am., Inc.*, 2016 WL 7386136, at *3 ("However, the court retains discretion to grant leave to amend even in the absence of diligence so long as there is no prejudice to the opposing party." (citations omitted)).

## III.    SEALING ORDER

Topia also filed an administrative motion to consider whether to seal material Box has designated as confidential. (Dkt. No. 198.) Box's response attached redacted versions of Exhibits 9, 14-17, and 19-26 to Topia's motion to amend its infringement contentions. (Dkt. No. 202.) "As the issues raised in this particular motion to amend infringement contentions are nondispositive discovery issues that are only 'tangentially related' to the merits of the case, the [C]ourt applies the 'good cause' standard to the parties' sealing motions." *See Largan Precision Co., Ltd. v. Motorola Mobility LLC*, No. 21-CV-09138-JSW (DMR), 2025 WL 3171735, at *12 (N.D. Cal. Aug. 13, 2025) (citation omitted).

As to Exhibit 9 (Box's First Supplemental Responses to Plaintiff's First Set of Interrogatories (1-11)), Box explains its proposed redactions on page 6 include "confidential business information describing product development timelines for Box's Sync and Drive products," and its proposed redactions on pages 3 and 13 of Appendix A include "certain confidential technical information regarding the Box Sync and Drive products." (Dkt. No. 202 at 3.) Box states "[p]ublic disclosure of the sensitive confidential and proprietary technical and business information that is redacted from Exhibit[] 9 . . . would create a risk of harm to Box." (*Id.* at 4.) The Court agrees "confidential business information, including internal product development and functionality, . . . and Defendants' assessment of . . . internal development

17

United States District Court
Northern District of California

timelines—the disclosure of which would cause Defendants competitive harm" is sealable. *See AGIS Software Development LLC v. Google LLC*, No. 22-CV-04826-BLF, 2023 WL 5955796, at *2 (N.D. Cal. Aug. 21, 2023) (granting motion to seal under the more stringent "compelling reasons" standard).

As to Exhibits 14-17 and 19-26 (Topia's Supplemental Infringement Contention Claim Charts), the Court agrees the proposed redactions "contain highly confidential information about the technical operations of the Box Sync and Drive products including excerpts from highly confidential Box source code and technical documents." (Dkt. No. 202 at 4.) "Courts routinely grant motions to seal confidential source code and product operation information." *SanDisk3d IP Holdings Ltd. v. Viasat, Inc.*, No. 22-CV-04376-HSG, 2025 WL 835034, at *2 (N.D. Cal. Mar. 17, 2025) (finding good cause to file under seal "infringement contention claim charts [which] divulge [the] Defendant's confidential source code and product operation information unrelated to the public's understanding of the judicial proceedings in this case"); *see also Dynetix Design Sols. Inc. v. Synopsys Inc.*, No. C 11-CV-05973 PSG, 2013 WL 2285210, at *1 (N.D. Cal. May 23, 2013) ("Proprietary source code is presumed to be sealable.").

Given the limited scope of the information Box seeks to seal, and as the parties have established good cause to file the unredacted versions of Exhibits 9, 14-17, and 19-26 under seal, the Court grants the motion.

**CONCLUSION**

For the reasons stated above, the Court GRANTS Topia's motion to file amended infringement contentions. At oral argument, Box indicated if the Court were to grant Topia's motion to amend its infringement contentions, Box may move for summary judgment or partial summary judgment based on the present record because it believes further discovery is not necessary for it to defeat Topia's claims. *See* Fed. R. Civ. P. 65(a). Box may do so, and Topia may oppose Box's motion and request further discovery if it "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." *See* Fed. R. Civ. P. 65(d).

The Court will hold a further case management conference on March 11, 2026 at 2:00 p.m.

via Zoom video. An updated further case management conference statement is due one week in advance.

This Order disposes of Docket Nos. 197 and 198.

**IT IS SO ORDERED.**

Dated: February 5, 2026

JACQUELINE SCOTT CORLEY
United States District Judge